1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 LONNIE WILLIAMS,                    )      1:07-cv-00731-AWI-SMS-PC
                                        )
12              Plaintiff,              )      FINDINGS AND RECOMMENDATION
                                        )      TO DISMISS CASE FOR FAILURE TO
13       vs.                            )      OBEY A COURT ORDER
                                        )      (Doc. 7)
14 T. CLAYTON, et al.,                  )
                                        )      OBJECTIONS, IF ANY, DUE IN THIRTY
15              Defendants.             )      DAYS
                                        )
16                                      )
                                        )
17 _____  )

18              On September 21, 2007, the court issued an order requiring plaintiff to submit a

19 new application to proceed in forma pauperis and a certified copy of his prison trust account

20 statement, or in the alternative, to pay the $350.00 filing fee for this action, within thirty days.

21 The thirty day period has now expired, and plaintiff has not paid the filing fee, submitted the

22 required documents, or otherwise responded to the court's order.

23              Local Rule 11-110 provides that "failure of counsel or of a party to comply with

24 these Local Rules or with any order of the Court may be grounds for the imposition by the Court

25 of any and all sanctions . . . within the inherent power of the Court."  District courts have the

26

                                       1

1    inherent power to control their dockets and "in the exercise of that power, they may impose

2    sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth.,

3    782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a

4    party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

5    rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

6    with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

7    to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,

8    1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs

9    to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

10    1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

11    1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

12    rules).

13         In determining whether to dismiss an action for lack of prosecution, failure to

14    obey a court order, or failure to comply with local rules, the court must consider several factors:

15    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

16    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17    cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at

18    831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

19    Ghazali, 46 F.3d at 53.

20         In the instant case, the court finds that the public's interest in expeditiously

21    resolving this litigation and the court's interest in managing the docket weigh in favor of

22    dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

23    since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

24    action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public

25    policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

26

2

1   of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

2   court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

3   <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The

4   court's order requiring plaintiff to submit a new application to proceed in forma pauperis and a

5   certified copy of his prison trust account statement, or in the alternative, to pay the $350.00 filing

6   fee for this action, expressly stated: "Failure to comply with this order shall result in a

7   recommendation that this action be dismissed."  Thus, plaintiff had adequate warning that

8   dismissal would result from his noncompliance with the court's order.

9           Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

10   based on plaintiff's failure to obey the court's order of September 21, 2007.

11           These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

13   thirty days after being served with these findings and recommendations, plaintiff may file written

14   objections with the court.  Such a document should be captioned "Objections to Magistrate

15   Judge's Findings and Recommendations."  The parties are advised that failure to file objections

16   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.

17   Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18   IT IS SO ORDERED.

19   **Dated:    November 5, 2007**          **/s/ Sandra M. Snyder**

20                                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26